```
                 UNITED STATES DISTRICT COURT
                          FOR THE
                 MIDDLE DISTRICT OF PENNSYLVANIA
```

```
JOHN MAGUIRE,                           :    No. 4:05-CV-1377
                                        :
          Petitioner,                   :    Petition Filed 07/08/05
                                        :
     vs.                                :
                                        :
JOSEPH V. SMITH, Warden, Federal        :    (Judge Muir)
                                        :
          Respondent                    :    (Magistrate Judge Blewitt)
```

ORDER

August 8, 2005

    THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

    On July 8, 2005, Petitioner John Maguire, an inmate at the United States Penitentiary in Lewisburg, Pennsylvania, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Maguire has paid the filing fee.

    The Clerk of Court assigned responsibility for this case to us but referred it to United States Magistrate Judge Thomas M. Blewitt for preliminary consideration.  On July 18, 2005, Magistrate Judge Blewitt issued a report recommending that the petition be dismissed for lack of jurisdiction.  The Magistrate Judge reached the conclusions set forth in his Report and Recommendation after preliminarily screening the petition, and without requiring service of the petition upon the Respondent.  The time allowed for Maguire to file objections to the Report and

Recommendation expired on August 4, 2005, and to this date no objections have been filed.

When no objections are filed to the report of a Magistrate Judge, we need only review that report as we in our discretion deem appropriate. Thomas v. Arn, 474 U.S. 145, 151-52 (1985).

On July 24, 1989, the United States District Court for the District of Massachusetts imposed the following sentence upon Maguire after a jury found him guilty of armed bank robbery and using a firearm during a crime of violence: 1) 262 months' incarceration on the former offense; 2) a consecutive 60-month term of imprisonment for the latter offense; and 3) payment of restitution in the amount of $30,000.00.

Maguire's only claim is that the trial court did not have the authority to require Maguire to pay restitution.  Courts have uniformly held that such a claim may be filed only in the sentencing court and that a petition filed pursuant to § 2241 is <u>not</u> the proper method to raise such a claim. *See* Horsley v. Anderson, 2003 WL 22901925 (D. Minn. Nov. 26, 2003); Martin v. Fleming, 2002 WL 1000989 (N.D. Tex. May 9, 2002); Lara v. Smith, No. 04-2941, slip op. (M.D. Pa. December 29, 2004)(McClure, J.), *aff'd*, 132 Fed.Appx. 420 (3d Cir. 2005).  Those principles control in this case.

There is no error in Magistrate Judge Blewitt's Report and Recommendation.  For that reason, and because no objection has

been filed to it, we will adopt it as our own.

NOW, THEREFORE, IT IS ORDERED THAT:

1. Maguire's habeas petition (Document 1) is dismissed for lack of jurisdiction.
2. The Clerk of Court shall close this case.

s/Malcolm Muir_____<br>
MUIR, U.S. District Judge

MM:ga